**M|R  MICHELMAN & ROBINSON, LLP**
ATTORNEYS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/05/2023

**DAVID R. DEHONEY**
ddehoney@mrllp.com

**New York Office**
605 Third Ave, 30th Floor
New York, NY 10158
**P** 212.730.7700 **F** 212.730.7725 www.mrllp.com

## MEMO ENDORSED

July 5, 2023

<u>**Via Electronic Mail**</u>

Hon. Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> *Re: Sterling and Wilson Solar Solutions, Inc. v. J. P. Morgan Chase Bank; 1:23-cv-05711; Request to Conditionally Seal Plaintiff Exhibits*

Dear Judge Caproni,

We represent Plaintiff Sterling and Wilson Solar Solutions ("SWSS") in the above-captioned matter. This letter is submitted on behalf of Plaintiff pursuant to Section 5(B)(ii) of the Court's Individual Practices in Civil Cases to request that certain confidential information included in Exhibits accompanying (1) the Complaint, and (2) the declaration of Gaurav Bhandari, dated July 3, 2023, filed today, be conditionally placed under seal. Specifically, Plaintiff seeks the following to conditionally be placed under seal:

- **Exhibit A** to the Complaint; and
- **Exhibit B-1** to the Declaration of Gaurav Bhandari

While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In evaluating whether to grant a sealing request, the court must evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Here, both exhibits requested to conditionally be placed under seal are copies of an Engineering, Procurement and Construction Agreement with a third party that contains a "CONFIDENTIAL" marking on some pages.

Conditional sealing of the above-referenced materials is appropriate in this instance. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011).

Los Angeles   |   Orange County   |   San Francisco   |   Dallas   |   Houston   |   Chicago   |   New York

Hon. Valerie E. Caproni
Southern District of New York
July 5, 2023
Page 2

       We have attempted to contact Defendant to reach agreement on this issue, but it has not yet retained counsel as of the time of this filing.

Very truly yours,

**MICHELMAN & ROBINSON, LLP**

/s/ *David R. Dehoney*

David R. Dehoney

DRD:EST

Because this document directly bears on the merits of Plaintiff's request for a temporary restraining order, the Court finds that this document is a judicial document, and thus, a presumption of access applies. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The asserted confidentiality interests do not outweigh this presumption of access to the document in its entirety. The Court finds that any sensitive business information may be adequately protected by redaction, rather than sealing the document in its entirety.

Accordingly, the Court will temporarily grant the sealing request, but the document will be unsealed in its entirety by July 7, 2023, if Plaintiff does not submit a revised request to file a redacted version of the document in accordance with the Undersigned's Individual Practices not later than **July 7, 2023**. The Clerk of Court is respectfully directed to restrict viewing of the documents filed at Dkt. 1 to the Court and to the parties.

SO ORDERED.

07/05/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE