**MEMO ENDORSED**

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/12/2023

Judson Brown, P.C.
To Call Writer Directly:
+1 202 389 5082
judson.brown@kirkland.com

Facsimile:
+1 202 389 5200

July 11, 2023

**By eFile**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Sterling and Wilson Solar Solutions, Inc. v. JPMorgan Chase Bank, N.A.*,
Case No. 23-cv-05711-VEC (S.D.N.Y)

Dear Judge Caproni:

I write for Lund Hill Solar, LLC and Montague Solar, LLC (together, "Owners") pursuant to Section 5(B)(ii) of the Court's Individual Practices in Civil Cases to request that the Court direct the Clerk to seal ECF 1-1, 1-2, 14-2, 14-3, 16-1, 16-2, and 24 in their entirety. Each of these filings is a version of a commercially sensitive contract—an Engineering, Procurement and Construction Agreement—between Lund Hill Solar, LLC and Sterling and Wilson Solar Solutions, Inc. ("Sterling"). The Owners have sought to file partially redacted versions of the same agreement on the docket. *See* ECF 40. The docket entries and document descriptions are as follows:

| ECF No. Sought to be Sealed in Entirety | Document Description | Version on Docket in Redacted Form |
|---|---|---|
| 1-1, 14-2, 16-1, 24 | Lund Hill EPC Agreement | 44-1 |
| 1-2, 14-3, 16-2 | Lund Hill EPC Agreement Amendment | 44-2 |

As the Owners explained in their July 10, 2023 letter motion to seal (which accompanied the Owners' opposition to Sterling's TRO motions), the EPC Agreements contain the Owners' confidential business information, including specific, heavily negotiated terms that are not shared

## KIRKLAND & ELLIS LLP

Honorable Valerie E. Caproni
July 11, 2023
Page 2

with third parties. *See* ECF 40. From time to time, the Owners and their affiliates negotiate engineering, procurement, and construction agreements for other, unrelated projects with third parties, and the Owners and their affiliates would be harmed in those negotiations if the entirety of these EPC Agreements are available on the public docket. *Id.* Sterling and the Owners also bargained in the EPC Agreements for strong confidentiality provisions that prohibit the disclosure or publication of confidential information, including the EPC Agreements themselves and the exhibits thereto. *Id.*

Critically, sealing the duplicative copies in full will not harm the presumptive right of public access, because the Owners have filed versions that—subject to the Court's approval—redact only the most commercially sensitive information as necessary to protect the Owners' interests, consistent with *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The harm to the Owners and their affiliates from disclosure of all EPC Agreement terms to third parties, who could use that information to the competitive disadvantage of the Owners and their affiliates, outweighs the public's interest in disclosure of the redacted text. *See Mirlis*, 952 F.3d at 59; *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal proprietary commercial information).

As a result, the Owners were surprised to learn yesterday that Sterling had not provided the Court with redacted versions per ECF 28. (This afternoon, Sterling asked the Help Desk to make ECF 1 and ECF 24 inaccessible to PACER users. The Owners appreciate that effort from Sterling, but even done, the Owners also seek to address ECF 14-2, 14-3, 16-1, and 16-2.)

In short, the Owners request that the Court (1) direct the Clerk to seal the duplicative copies in their entirety (*i.e.*, ECF 1-1, 1-2, 14-2, 14-3, 16-1, 16-2, and 24), and (2) grant the Owners' July 10, 2023 letter motion (ECF 40), which will ensure there is public access to partially redacted versions of the same materials.

Sterling, JPM, and BofA have confirmed that they do not object to the requested relief.

Sincerely,

/s/ *Judson Brown*

Judson Brown, P.C.

---

The Intervenor's motion to seal Dkts. 14 and 16 is GRANTED on a temporary basis. As the Court noted in its Order at Dkt. 28, Plaintiff's sealing request is overbroad. The Court also finds that the redactions proposed by the Intervenors to the declarations at Dkts. 43 and 45 are overbroad, particularly to the extent they redact definitions of standard business terms and facts made clear from the context of Plaintiff's complaint. The parties should be prepared to explain their sealing requests and to propose narrowed redactions at the hearing scheduled for July 19, 2023. The Clerk of Court is respectfully directed to restrict viewing of Dkts. 14 and 16 to the Court and to the parties.
SO ORDERED.

*[signature: Valerie Caproni]*

07/12/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE